UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                                    :
SGM HOLDINGS LLC, SYNDICATED                        :
GEO MANAGEMENT CORPORATION,                         :
RICHARD FEATHERLY, LAWRENCE                         :
FIELD, and PREMIER NATURAL                          :
RESOURCES LLC,                                      :
                                                    :        15 Civ. 8142 (PAC) (HBP)
                    *Plaintiffs*,                   :
                                                    :
        -*against*-                                 :        **OPINION & ORDER**
                                                    :
A. JAMES ANDREWS, RICHARD GAINES,                   :
and KARL SCHLEDWITZ,                                :
                                                    :
                    *Defendants*.                   :
                                                    :
-------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

        Plaintiffs SGM Holdings LLC, Syndicated Geo Management Corporation, Richard

Featherly, Lawrence Field, and Premier Natural Resources LLC ("Plaintiffs") bring this action

against Defendants A. James Andrews, Richard Gaines, and Karl Schledwitz ("Defendants")

pursuant to N.Y. Jud. Law § 487 based on allegedly deceitful statements made to this Court in

*DNV Investment Partnership v. SGM Holdings LLC*, 15 Civ. 1255 (PAC) (HBP) (S.D.N.Y.).

Defendants move to dismiss for lack of personal jurisdiction, improper venue, and failure to state

a claim, and, in the alternative, move to transfer the action to the Western District of Tennessee.

Defendants' motion to dismiss or transfer is denied.

## BACKGROUND

        Defendants are counsel for the plaintiffs in *DNV Investment Partnership v. SGM

Holdings LLC*, 15 Civ. 1255 (PAC) (HBP) (S.D.N.Y.) ("DNV Action"). The DNV Action was

1

initially filed in the United States District Court for the Western District of Tennessee. The

defendants in the DNV Action filed a motion to dismiss, to strike the jury demand, and to change

venue. DNV Action, Dkt. 26. District Judge Sheryl H. Lipman granted the defendants' motion

to change venue and transferred the action to this Court by order dated February 13, 2015. DNV

Action, Dkt. 46.

After the transfer, the defendants in the DNV Action requested permission to re-file the

motion to dismiss and to strike the jury demand. DNV Action, Dkt. 49. The plaintiffs filed a

letter with this Court in opposition, requesting that "the Court accept the Motions to Dismiss and

Responses thereto as filed in the Western District of Tennessee and set this matter for oral

argument on those motions." DNV Action, Dkt. 59 at 2. The letter also attached the Second

Amended Complaint. DNV Action, Dkt. 59-1. Defendants all signed the letter and the Second

Amended Complaint. DNV Action, Dkt. 59, 59-1.

Plaintiffs allege in this action that Defendants made "multiple knowingly false and

deceptive factual allegations" to the Court in the DNV Action. Compl. ¶ 2.

## DISCUSSION

### I.    Venue

Defendants argue that venue is improper in this district. 28 U.S.C. § 1391(b) provides in

relevant part that venue is proper for a civil action in "(1) a judicial district in which any

defendant resides, if all defendants are residents of the State in which the district is located," and

"(2) a judicial district in which a substantial part of the events or omissions giving rise to the

claim occurred."

Defendants argue that venue is only proper in a district court in Tennessee because all

Defendants are residents of Tennessee. They cite *Dashman v. Peter Letterese & Assocs., Inc.*,

2

where the court held that "when venue is proper in a district pursuant to § 1391(b)(1) because all defendants reside in the same state, venue does not lie elsewhere pursuant to § 1391(b)(2)." 999 F. Supp. 553, 554 (S.D.N.Y. 1998). The Court declines to adopt the holding in *Dashman* and instead joins the courts that have concluded that § 1391(b)(1) and § 1391(b)(2) provide independent and alternative bases for venue. *See, e.g., I.M.D. USA, Inc. v. Shalit*, 92 F. Supp. 2d 315, 316–17 (S.D.N.Y. 2000); *Hall v. South Orange*, 89 F. Supp. 2d 488, 492–93 (S.D.N.Y. 2000).

Defendants also argue that venue is improper pursuant to § 1391(b)(2) based on the location of the events and omissions leading up to the filing of the submissions in the DNV Action. But what gives rise to this action is the filing of the allegedly deceptive statements in this Court, not what Defendants did to prepare to make the allegedly deceptive statements. Thus, venue is proper in this district pursuant to § 1391(b)(2).

Finally, Defendants request that the Court transfer venue to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a). The resolution of the DNV Action will take place in this district and will likely bear heavily on the merits of the instant action. And with respect to the DNV Action, as Judge Lipman noted, "much of the proof in the case is likely to be located in and around New York City, as are many of the parties." Dkt. 46 at 15. The Court therefore declines to exercise its discretion to transfer pursuant to 28 U.S.C. § 1404(a).

## II.    Personal Jurisdiction

Defendants contend that the action must be dismissed for lack of personal jurisdiction. Under N.Y. C.P.L.R. § 302(a), a court "may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state," so long as the plaintiff's "cause of action aris[es] from" that "transact[ion]." *Licci v. Lebanese*

3

*Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012). "[T]he overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within New York." *Id.* at 61 (citing *Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501, 508 (2007)). Defendants purposefully availed themselves of the privilege of conducting activities within New York by knowingly filing in this Court a letter—signed by all Defendants—which attached the Second Amended Complaint—also signed by all Defendants. That act also gave rise to the instant action. The Court therefore may exercise personal jurisdiction over Defendants.

## III.    **Failure to State a Claim**

Defendants' contention that Plaintiffs have failed to state a claim is meritless. Plaintiffs have adequately pleaded that Defendants intended to deceive the Court by plausibly alleging that Defendants made knowingly false and deceptive statements to the Court in the DNV Action. Further, to the extent a "chronic, extreme pattern of legal delinquency" is an element of a claim pursuant to N.Y. Jud. Law § 487, *see Amalfitano v. Rosenberg*, 533 F.3d 117, 123 (2d Cir. 2008) (noting split in New York authority), Defendants have repeatedly filed papers with the Court premised on the allegations in the Second Amended Complaint in the DNV Action. And Plaintiffs also allege that the Second Amended Complaint in the DNV Action is replete with knowingly false and deceptive allegations.

4

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss for lack of personal

jurisdiction, improper venue, and failure to state a claim, and, in the alternative to transfer the

action to the Western District of Tennessee, is denied. The Clerk is directed to close the motion

at Docket 20.


Dated: New York, New York                  SO ORDERED
      January 12, 2017

PAUL A. CROTTY
United States District Judge