UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SGM HOLDINGS LLC, RICHARD FEATHERLY,
LAWRENCE FIELD, PREMIER NATURAL RESOURCES
LLC, and SYNDICATED GEO MANAGEMENT
CORPORATION,

                              Plaintiffs,

        -v-

A JAMES ANDREWS, RICHARD GAINES, and KARL
SCHLEDWITZ,

                              Defendants.

CIVIL ACTION NO.: 15 Civ. 8142 (PAC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiffs SGM Holdings LLC, Syndicated Geo Management Corporation, Richard Featherly, Lawrence Field, and Premier Natural Resources LLC ("Plaintiffs") brought this action against Defendants A. James Andrews ("Andrews"), Karl Schledwitz ("Schledwitz"), and Richard Gaines ("Gaines", together with Andrews and Schledwitz, "Defendants") pursuant to N.Y. Jud. Law § 487 based on allegedly deceitful statements made to this Court in DNV Investment Partnership v. SGM Holdings LLC, 15 Civ. 1255 (PAC) (HBP) (S.D.N.Y.) (the "DNV Action"). (ECF No. 1). Plaintiffs were named as defendants in the DNV Action, and Defendants were counsel to the plaintiffs in the DNV Action (the "DNV Plaintiffs"). (Id. ¶ 1).

Before the Court is Plaintiffs' request for an order compelling Defendants to produce certain documents that Defendants have withheld as privileged.  (ECF No. 85 (the "Request")).  For the reasons set forth below, the Request is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

On April 2, 2014, the DNV Action was filed in the United State District Court for the Western District of Tennessee.  (See DNV Action, ECF No. 1).  Schledwitz appeared on behalf of the DNV Plaintiffs.  (See Id. at 35).  On June 20, 2014, the DNV Action defendants moved to dismiss the DNV Action.  (DNV Action, ECF No. 26 (the "DNV Action MTD")).

On February 20, 2015, the DNV Action was transferred to this District.  (See DNV Action, ECF No. 47).  During his deposition in this action, Schledwitz testified that, "when the [DNV Action] got moved to New York, [he] made it known . . . that [he] no longer wanted to be involved in the case." (ECF No. 85-3 at 3).  He did, however, "ask[] to be kept apprised." (Id. at 4).

On June 25, 2015, Plaintiffs filed a crossclaim (the "Crossclaim") in the DNV Action against Defendants, alleging that Defendants violated N.Y. Judiciary Law § 487 by making "knowingly false and fabricated factual allegations" on behalf of the DNV Plaintiffs.  (See DNV Action, ECF No. 68 ¶ 1).  On July 10, 2015, Defendants moved to dismiss the Crossclaim (the "Crossclaim MTD"), arguing inter alia, that it was procedurally improper.  (DNV Action, ECF Nos. 73, 74).  In October 2015, Plaintiffs "agreed to dismiss the [Crossclaim] and bring a new action, to avoid wasting the parties and the Court's time with irrelevant procedural issues." (DNV Action, ECF No. 81 at 1).

On October 15, 2015, Plaintiffs commenced this action.  (ECF No. 1).  Plaintiffs' claim in this action is identical to their Crossclaim in the DNV Action.  (Compare id. with DNV Action, ECF

No. 68).  On December 9, 2015, the Honorable Paul A. Crotty dismissed the Crossclaim and stayed this action pending resolution of the DNV Action MTD.  (See ECF min. entry Dec. 9, 2015). On March 17, 2017, Judge Crotty granted the DNV Action MTD (DNV Action, ECF No. 85) and, on July 19, 2016, directed the parties in this action to proceed with this action.  (ECF No. 16).

On May 13, 2022, Plaintiffs sought to compel Defendants to provide a detailed log of the emails and documents that Defendants had withheld as privileged (the "Materials"). (ECF No. 74).  On June 3, 2022, the Court directed Defendants to identify three categories of documents within the Materials.  (ECF No. 82).[1]  On June 10, 2022, Defendants advised that this search of the Materials yielded 76 emails (the "Emails"), and provided a log (the "Privilege Log") as to those Emails.  (ECF Nos. 83 – 83-2).  On June 14, 2022, the Court directed Plaintiffs to identify any documents on the Privilege Log whose privilege they challenged.  (ECF No. 84).

On June 24, 2022, Plaintiffs requested production of, inter alia, "all documents from February 20, 2015 through October 15, 2015," i.e., the period between when the DNV Action was transferred to this District and when Plaintiffs commenced this action (the "First Category of Challenged Documents", and "the 52 emails [on the Privilege Log] dated after October 15, 2015" (the "Second Category of Challenged Documents," together with the First Category of Challenged Documents, the "Challenged Documents"). (ECF No. 85 at 2–3 (the "Request")).[2]  With respect

---

[1] The categories were: (i) communications sent to or received by Schledwitz; (ii) communications containing or referencing comments made by Schledwitz regarding any documents filed in the DNV Action; and (iii) communications concerning the "March 18, 2015 Letter" (see ECF No. 63-4 at 2–3).  (ECF No. 82 at 1)

[2] Plaintiffs also asked the Court to direct Defendants to review the Materials for a third category of documents, i.e., communications concerning two additional letters, dated July 14, 2015 and October 20, 2015. (ECF No. 85 at 2).  On July 5, 2022, the Court denied that aspect of Plaintiffs' Request.  (ECF No. 87 at 2–3).

to the First Category of Challenged Documents, Plaintiffs argue, without citation to any legal support, that Defendants "are estopped from contradicting their own sworn testimony that [] Schledwitz did not represent the DNV plaintiffs during this time period[,]" and, thus, should produce all communications involving Schledwitz during that period.  (ECF No. 85 2–3).  Plaintiffs also argue that, "under New York law, the common interest privilege does not apply because there was no pending or reasonably anticipated litigation at the time."  (Id. at 3).  With respect to the Second Category of Challenged Documents, Plaintiffs argue that "any communications in which [] Schledwitz was being consulted about or communicating about proposed filings in the underlying DNV action should be produced."  (Id. at 3).  Plaintiffs argue that, even if these communications were between an attorney and client, "only those pertaining to the representation" would be privileged.  (Id.)

On July 1, 2022, Defendants responded to the Request.  (ECF No. 86).  Regarding the First Category of Challenged Documents, Defendants dispute Plaintiffs' argument that the privilege ceases to exist "when an attorney withdraws from a case."  (Id. at 2).  With respect to the Second Category of Challenged Documents, Defendants argue that these "communications should remain confidential."  (Id. at 3).

On July 6, 2022, at the Court's direction, Defendants submitted the Challenged Documents for in camera review.  (ECF No. 87 at 3).

### III. LEGAL STANDARDS

"In diversity cases such as this, where state law governs the claims, the Court looks to state law for determining privilege."  Kleeberg v. Eber, No. 16 Civ. 9517 (LAK) (KHP), 2019 WL 2085412, at *6 (S.D.N.Y. May 13, 2019).  The parties do not dispute that New York law governs.

(ECF Nos. 85; 86).  See People ex. rel. Spitzer v. Greenberg, 50 A.D.3d 195, 198 (2d Dep't 2008) (noting that "New York courts routinely apply the law of the place where the evidence in question will be introduced at trial or the location of the discovery proceeding when deciding privilege issues") (citation omitted).

"The elements of the attorney-client privilege under New York law are the existence of an attorney-client relationship, a communication made within the context of that relationship for the purpose of obtaining legal advice, and the intended and actual confidentiality of that communication." Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 264 (S.D.N.Y. 1995) (citing People v. Osorio, 75 N.Y.2d 80, 82–84 (1989)).  "Although the privilege was designed to promote full and frank communications between a client and counsel, and thereby "promote broader public interests in the observance of law and administration of justice," it is narrowly construed because the application of the privilege renders protected relevant information undiscoverable. Kleeberg, 2019 WL 2085412, at *6 (quoting Upjohn Co. v. United States, 449 U.S. 383, 389 (1981)).

"Federal law governs the applicability of the work product doctrine in all actions in federal court." Wultz v. Bank of China Ltd., 304 F.R.D. 384, 393 (S.D.N.Y. 2015) (citing Allied Irish Banks, P.L.C. v. Bank of Am., N.A., 252 F.R.D. 163, 173 (S.D.N.Y. 2008)); see Fed. R. Evid. 501.  The attorney work product doctrine "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial."  In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002, 318 F.3d 379, 383 (2d Cir.2003); see Fed. R. Civ. P. 26(b)(3). "[D]ocuments and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" are eligible for work product protection.  Sokol v. Wyeth,

Inc., No. 07 Civ. 8442 (SHS) (KNF), 2008 WL 3166662, at *10 (S.D.N.Y. Aug. 4, 2008) (quoting Fed. R. Civ. P. 26(b)(3)(A)).  The purpose of the work product protection is "to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his [or her] adversaries." United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting Hickman v. Taylor, 329 U.S. 495, 510–11 (1947)); Gucci Am., Inc. v. Guess?, Inc., 271 F.R.D. 58, 74 (S.D.N.Y. 2010) (explaining that the "core purpose" of the doctrine "is to 'prevent exploitation of a party's efforts in preparing for trial' by precluding the adversary from obtaining such material absent substantial need") (quoting Admiral Ins. Co. v. U.S. District Ct. for the Dist. of Ariz., 881 F.2d 1486, 1494 (9th Cir. 1989)).  "The party asserting work-product protection must demonstrate that the material at issue '(1) [is] a document or a tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by his representative.'" McGowan v. JPMorgan Chase Bank, N.A., No. 18 Civ. 8680 (PAC) (GWG), 2020 WL 1974109, at *3 (S.D.N.Y. Apr. 4, 2020) (quoting Allied Irish Banks, 252 F.R.D. at 173 (internal citations omitted)).

## IV. APPLICATION

As an initial matter, the Court rejects Plaintiffs' unsupported argument that all communications between Defendants from February 20, 2015 through October 15, 2015 must be produced.  (ECF No. 85 at 2–3).  First, Plaintiffs cite no authority—and the Court has found none—for the proposition that the attorney-client privilege and work-product protections were automatically destroyed when Schledwitz withdrew his appearance as counsel for the DNV Plaintiffs.  Second, Plaintiffs' argument that "there was no pending or reasonably anticipated litigation at the time" is simply untrue.  (Id. at 3).  Indeed, among the limited Challenged

6

Documents from this period are communications between Defendants' concerning the Crossclaim in the DNV Action, and to a Fed. R. Civ. P. 11 "safe harbor" letter that preceded the Crossclaim. (ECF No. 83-1). Accordingly, Plaintiffs' argument that Defendants' communications from this period receive no protection lacks merit. See Adlman, 134 F.3d at 1196–97 ("Analysis of one's case 'in anticipation of litigation' is a classic example of work product, and receives heightened protection under Fed. R. Civ. P. 26(b)(3).") (internal citation omitted).

Nevertheless, following its in camera review, the Court has determined that portions of some of these communications are not privileged or otherwise protected and must be produced.

The Court finds that: (a) 41 documents are privileged in their entirety and need not be produced; (b) two (2) documents are not covered by any privilege and must be produced in their entirety (the "Non-Privileged Documents"); and (c) portions of 14 documents are privileged and the non-privileged portions must be produced (the "Partially Privileged Documents"). Defendants shall adhere to the following instructions:

1. Defendants properly withheld on grounds of attorney-client privilege and/or work product protection Privilege Log entry nos. 20, 23, 24, 26, 27, 30–32, 36–40, 42–45, 48, 49, 54–61, 63–76, and are not required to produce these documents.

2. Defendants SHALL PRODUCE IN FULL Privilege Log entry nos. 25 and 28, to which no privilege applies.

3. Defendants SHALL PRODUCE WITH REDACTIONS the following privilege log entries, which include emails that were properly withheld based on the attorney-client and/or work-product privileges:

a.  Privilege Log entry no. 21 shall be produced, with the top two emails on page 1 redacted.

b.  Privilege Log entry no. 22:

    i.  The email with the file name "DNV Investment Partnership, et al. v. SGM Holdings LLC, et al (1)" shall be produced, with the top four emails on page 1 redacted.

    ii. The email with the file name "DNV Investment Partnership, et al. v. SGM Holdings LLC, et al (2)" shall be produced,  with the top two emails on page 1 redacted.

c.  Privilege Log entry no. 29 shall be produced, with the top email on page 1 redacted;

d.  Privilege Log entry no. 33 shall be produced, with the top two emails on page 1 redacted;

e.  Privilege Log entry no. 34 shall be produced, with the top email on page 1 redacted;

f.  Privilege Log entry no. 35 shall be produced, with the top two emails on page 1 redacted;

g.  Privilege Log entry no. 41 shall be produced, with all emails on page 1 and the top email appearing on page 2 redacted;

h.  Privilege Log entry no. 46 shall be produced, with the top email on page 1 redacted;

i.  Privilege Log entry no. 47 shall be produced, with the top three emails on page 1 redacted;

j.  Privilege Log entry no. 50 shall be produced, with all emails on page 1 and the top two emails on page 2 redacted;

k.  Privilege Log entry no. 51 shall be produced, with all emails on page 1 and the top two emails appearing on page 2 redacted;

l.  Privilege Log entry nos. 52 and 53, which Defendants provided in a single document with the file name "Fwd_request for status update; discovery generally" shall be produced, with the top email on page 1 redacted; and

m.  Privilege Log entry no. 62 shall be produced, with the top email on page 1 redacted.

## V. CONCLUSION

For the reasons set forth above, Plaintiffs' Request is GRANTED IN PART and DENIED IN PART.  By **August 22, 2022**, Defendants shall produce the Non-Privileged Documents and the Partially Privileged Documents as instructed in this Order.

Dated:      New York, New York
            August 17, 2022

                                    SO ORDERED.

                                    **SARAH L. CAVE**
                                    **United States Magistrate Judge**