UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SGM HOLDINGS LLC, RICHARD FEATHERLY, JAMES T. HUGHES, PREMIER NATURAL RESOURCES LLC, and SYNDICATED GEO MANAGEMENT CORPORATION,

               Plaintiffs,

  -v-

A JAMES ANDREWS, RICHARD GAINES, and KARL SCHLEDWITZ,

               Defendants.

CIVIL ACTION NO. 15 Civ. 8142 (PAC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

As of April 29, 2022, all discovery in this nine-year-old action was closed. (ECF No. 61 ¶¶ 5, 7). Now before the Court is Defendants' request for leave to serve on Plaintiff Charles Stephenson ("Mr. Stephenson") fifteen requests for admission and ten requests for production "regarding relevant paragraphs from the Amended Complaint" (the "Requested Discovery"). (ECF No. 170 (the "Request")). The Requested Discovery pertains to topics about which Mr. Stephenson's counsel directed him not to respond during Mr. Stephenson's limited continued deposition on January 29, 2024 (the "Deposition"). (Id.) Mr. Stephenson opposes the Request. (ECF No. 171). For the reasons set forth below, the Request is DENIED.

Plaintiffs commenced this action over eight years ago, on October 15, 2015, and filed the Amended Complaint over three years ago, on January 15, 2021. (ECF Nos. 1; 44). In Defendants' words, "[t]he original Complaint and the Amended Compliant are virtually identical[.]" (ECF No. 170 at 1).

Pursuant to the most recent case management plan, fact discovery closed on March 16, 2022, and expert discovery closed on April 29, 2022. (ECF No. 61 ¶¶ 5, 7). In November 2022, the parties cross-moved for summary judgment (ECF Nos. 95; 102), which the Honorable Paul A. Crotty denied on September 25, 2023. SGM Holdings LLC v. Andrews, No. 15 Civ. 8142 (PAC) (SLC), 2023 WL 6214238, at *8 (S.D.N.Y. Sept. 25, 2023).

On December 8, 2023, Defendant Karl Schledwitz ("Mr. Schledwitz") requested, inter alia, certain discovery from Mr. Stephenson. (ECF No. 137). On December 13, 2023, following a 40-minute telephone conference with the parties (see ECF min. entry Dec. 13, 2023; ECF No. 152), the Court partially granted Mr. Schledwitz's request and permitted the continued deposition of Mr. Stephenson to take pace by February 29, 2024, limited to: "(i) two hours of on-the-record time; and (ii) questions relating to the assignments of certain of Plaintiffs' claims to Mr. Stephenson [in September 2020 (the 'Assignments')] (see ECF No. 99-20) and to [Plaintiffs' counsel]'s billing records for services that relate to those [A]ssignments." (ECF No. 140 ¶ 1.b (the "Dec. 13 Order")). The Court denied "[a]ll other requests for discovery, including expert discovery, . . . for failure to establish good cause." (Id. ¶ 2 (citing Fed. R. Civ. P. 16(b)(4))). The Court also directed the parties to file by March 7, 2024 a joint letter certifying completion of the discovery permitted by the Dec. 13 Order, including the Deposition (the "Certification Letter"). (Id. ¶ 3).

A court-ordered discovery schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A finding of good cause depends on the diligence of the moving party." Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir.2003).

As an initial matter, the Court notes that Defendants failed to comply with the Court's Individual Practices, which require parties to meet and confer prior to filing any discovery requests, and require any party raising a dispute to:

> certify that the required in-person or telephonic conference took place between counsel for the relevant parties and, in particular, must state: (1) the date and time of such conference; (2) the approximate duration of the conference; (3) the names of the attorneys who participated in the conference; (4) the adversary's position as to each issue being raised (as stated by the adversary during the in-person or telephone conference); and (5) that the moving party informed the adversary during the conference that the moving party believed the parties to be at an impasse and that the moving party would be requesting a conference with the Court.

See Ind. Pracs. § II.C.1–2.  Defendants' failure to comply with the Court's Individual Practices alone justifies denial of the Request.

Even on the merits, however, the Court finds that Defendants have not established good cause for the Request.  Defendants premise the Request on Mr. Stephenson's counsel's allegedly improper refusal to allow Mr. Stephenson to answer questions relating to the Requested Discovery at the Deposition.  (170 at 1–2).  As the Dec. 13 Order made clear, however, the Deposition was limited to questions relating to the Assignments and to Plaintiffs' counsel's billing records for services relating to those Assignments.  (ECF No. 140 ¶ 1.b).  If Defendants' counsel believed their questions fell within the scope of the Dec. 13 Order, they could have called the Court during the Deposition on January 29, 2024 for a ruling on that issue.  They chose not to do so, however, and instead waited over a month to raise the issue on March 8, 2024—more than a week after the deadline to complete the Deposition and a day after the Certification Letter was

due.[1]  The Court further notes that the Requested Discovery relates to claims in the Amended Complaint that were: (i) filed over three years ago (ECF No. 44); (ii) are "virtually identical" to claims filed in the original Complaint over eight years ago (ECF No. 170 at 1; see ECF No. 1); and that were assigned to Mr. Stephenson nearly four years ago (ECF No. 99-20).  In short, Defendants have failed to show that they diligently sought the Requested Discovery and therefore have not shown good cause.  Accordingly, the Request is DENIED.

The Clerk of Court is respectfully directed to close ECF No. 170.

Dated:      New York, New York
            March 11, 2024

                                        SO ORDERED.

                                        _____
                                        SARAH L. CAVE
                                        United States Magistrate Judge

---

[1] The parties failed to file the Certification Letter required by the Dec. 13 Order.  (ECF No. 140 ¶ 3).  The Court deems all such discovery complete.