```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/17/24
```

SGM HOLDINGS LLC, et al.,

            Plaintiffs,

- against -

A. JAMES ANDREWS, RICHARD GAINES, and KARL SCHLEDWITZ,

            Defendants.

**15 Civ. 8142 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

    This matter was reassigned to this Court from the Honorable Paul A. Crotty on April 15, 2024. The same day, all plaintiffs except pro se plaintiff James T. Hughes Jr. ("Hughes") filed a letter on behalf of themselves and Hughes bringing certain issues to the Court's attention. (See Dkt. No. 186 [hereinafter "Pl. Ltr."].) The defendants responded in two letters filed the next day. (See Dkt. Nos. 187–88.)

    Initially, the Court notes that on September 25, 2023, Judge Crotty denied summary judgment motions filed by the defendants and by plaintiff Charles Stephenson ("Stephenson") on his own behalf and as assignee of all claims of former plaintiffs SGM Holdings LLC, Syndicated Geo Management Corp., Richard Featherly, and Premier Natural Resources LLC. (See Dkt. No. 118.) Hughes then appeared and advised Magistrate Judge Sarah Cave that plaintiff Lawrence Field ("Field")

assigned to Hughes all of Field's claims against the defendants in this action. (See Dkt. Nos. 146-47.) Hughes also sought leave to file a motion for summary judgment. (See Dkt. No. 148.) Judge Cave denied such leave on January 31, 2024, without prejudice to Hughes's right to renew his request to move for summary judgment following the Court's resolution of certain other matters before it. (See Dkt. No. 151.) Judge Cave resolved those matters on February 28, 2024. (See Dkt. No. 168.) Hughes, who is an attorney (see Dkt. No. 147), has not since then renewed his request for leave to file a summary judgment motion, and on March 15 he filed a letter asking the Court to set a conference "to discuss the entry of an order setting dates for the exchange of trial exhibits; filing motions in limine; and filing the final pre-trial order." (Dkt. No. 174.)

The Court now turns to the issues pending before it. *First,* pursuant to Judge Crotty's Individual Practices and before this matter was reassigned, the defendants moved for leave to file additional motions for summary judgment. (See Dkt. Nos. 181-82.) Defendant Karl Schledwitz acknowledges that an argument similar to the one he now seeks to raise was already raised during the prior summary judgment proceedings and rejected by Judge Crotty. (See Dkt. No. 181.) And defendants A. James Andrews ("Andrews") and Richard Gaines

2

("Gaines") do not explain why a second summary judgment motion is necessary beyond stating that Judge Crotty "refin[ed] the issues" after the first round of summary judgment briefing. (Dkt. No. 182.) The Court thus declines to exercise its discretion to consider successive summary judgment motions. See Siemens Westinghouse Power Corp. v. Dick Corp., 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (stating successive summary judgment motions are disfavored).[1]

*Second*, plaintiff Stephenson states that Hughes's request for leave to file a motion for summary judgment remains pending. (See Pl. Ltr. at 4.) This statement is inaccurate. As detailed above, Hughes never renewed that request,[2] and the Court finds that his subsequent request for a conference regarding trial matters (despite the lack of a trial date) may have constituted a forfeiture of any right to renew. No further summary judgment briefing in this matter

---

[1] In spite of Judge Crotty's Individual Practices requiring a pre-motion conference with the Court prior to the filing of any motion for summary judgment, defendants Andrews and Gaines actually filed for summary judgment absent such a conference out of "an abundance of caution . . . so there is no question that the motion is timely on the record." (Dkt. No. 184; see Dkt. No. 185.) This motion appears not to be properly before the Court, and the Court for the reasons previously given declines to consider it in any case.

[2] All plaintiffs except Hughes submitted a letter (reviewed and approved by Hughes) to the Court on March 25 stating that Hughes's request to move for summary judgment remained outstanding, but this statement was inaccurate for the reasons discussed above and was not sufficiently clear (and was not sufficiently attributed to Hughes) to constitute a renewal of the request.

will be considered absent a showing of extraordinary and compelling circumstances.

*Third*, plaintiffs request that the Court set a trial for the latter half of July and refer the issue of damages for a post-trial hearing or inquest before Judge Cave. (Pl. Ltr. at 2-4.) In their subsequent letters to the Court, Defendants do not express objection to the scheduling of a trial in late July. Accordingly, a trial is scheduled in this matter for July 29 through August 1. The Court will reserve decision on whether to refer the question of damages to Judge Cave for a post-trial hearing or inquest.

*Fourth*, the plaintiffs other than Hughes, apparently writing with the consent of Hughes (see id. at 1), state that the Court "has not ruled on whether Mr. Hughes should be a party to the trial; Mr. Hughes has advised the Court that he agrees to be bound . . . by the results of the trial." (Id. at 3.) The parties are directed to address this issue in their pretrial submissions, which pursuant to this Court's Individual Practices are due 30 days prior to trial. The parties are directed to review the Court's Individual Practices in any event.

The Clerk of Court is hereby respectfully directed to terminate all pending motions in this matter.

4

**SO ORDERED.**

Dated:     17 April 2024
           New York, New York

_____
Victor Marrero
U.S.D.J.

5