USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/1/24

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SGM HOLDINGS LLC, et al.,

                    Plaintiffs,

      - against -

A. JAMES ANDREWS, et al.,

                    Defendants.

---

**15 Civ. 8142 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

This matter was reassigned to this Court from the Honorable Paul A. Crotty on April 15, 2024. A trial is scheduled to begin July 29, 2024. At the same time, the Court is obligated to confirm that it has subject matter jurisdiction over this action. See Sheung Wan Gallery Ltd. v. Kagan, No. 23 Civ. 2519, 2024 WL 196671, at *4 (S.D.N.Y. Jan. 18, 2024) (stating that a court "may raise [the] issue of subject matter jurisdiction sua sponte"). Accordingly, the parties are hereby **ORDERED** to submit additional briefing to the Court as described below.

## I.    BACKGROUND

First, the Court briefly sets forth relevant background. The lone claim or claims in this suit are asserted under Section 487 of the New York State Judiciary Law ("Section 487"). See generally SGM Holdings LLC v. Andrews, No. 15 Civ. 8142, 2023 WL 6214238 (S.D.N.Y. Sept. 25, 2023) (Crotty, J.)

1

(denying motions for summary judgment). There are three defendants in this case: A. James Andrews ("Andrews"), Richard Gaines ("Gaines"), and Karl Schledwitz ("Schledwitz" or, together with Andrews and Gaines, "Defendants").

This matter arises out of a previous case litigated before Judge Crotty: DNV Investment Partnership v. Premier Natural Resources LLC, No. 15 Civ. 1255 (the "DNV Action"). In May 2020, Judge Crotty granted summary judgment in favor of defendants in the DNV Action, and the DNV Action was closed. The Defendants here are three lawyers who represented plaintiffs in the DNV Action; plaintiffs here were defendants in the DNV Action. See SGM Holdings, 2023 WL 6214238, at *1.

Section 487 provides that an "attorney or counselor" who is "guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is liable for "treble damages, to be recovered in a civil action" by "the party injured." N.Y. Jud. Law § 487(1). Plaintiffs here allege that Defendants violated Section 487 by making "deceitful statements" in the DNV Action. SGM Holdings, 2023 WL 6214238, at *1.

Defendants are alleged to be residents of Tennessee. In the DNV Action, Andrews and Gaines were admitted to this Court pro hac vice after they both represented that they were members in good standing of the bar of the State of Tennessee.

2

Schledwitz was not admitted to this Court pro hac vice in the DNV Action; he signed the original complaint, which was filed in the Western District of Tennessee before the DNV Action was transferred to this District. There appears to be no allegation in this case that any of the Defendants is, or ever was, admitted to the bar of the State of New York. There likewise appears to be no allegation in this case that any of the Defendants practiced before any New York State court, at least as relevant here.

## II.   QUESTIONS TO BE ADDRESSED BY THE PARTIES

The parties are hereby **ORDERED** to submit briefs not exceeding fifteen (15) double-spaced pages to the Court. The briefs shall address the following questions:

1. Does Section 487 apply to an attorney who is not admitted to the bar of the State of New York *and* whose relevant conduct took place before only a *federal* court? See Schertenleib v. Traum, 589 F.2d 1156, 1166 (2d Cir. 1978) (holding that Section 487 does not apply extraterritorially and that it regulates "the conduct of litigation before *the New York courts*" (emphasis added)); Cinao v. Reers, 893 N.Y.S.2d 851, 859 (Sup. Ct. Kings Cnty. 2010) (declining to follow Schertenleib with respect to extraterritoriality but on the basis that a "New York court has sufficient interest in supervising the conduct of attorneys *admitted before its bar* . . . to apply [Section 487] to the attorney's conduct no

matter where the [underlying] action is pending" (emphasis added)). If not, does the Court lack subject matter jurisdiction over this action?

2. Has Section 487 ever been enforced against an attorney who was not admitted to the bar of the State of New York solely for conduct that took place before a *federal* court?

3. In federal court, is Section 487 preempted by

- Federal Rule of Civil Procedure 11 (allowing for sanctions against attorneys under certain circumstances),

- 28 U.S.C. § 1927 (same), or

- any other provision of federal law?

If so, does the Court lack subject matter jurisdiction over this action? Cf. Klingsberg v. Council of School Supervisors and Adm'rs-Local 1, 122 N.Y.S.3d 335, 337 (App. Div. 2d Dep't 2020) (holding that lower court lacked subject matter jurisdiction because federal law preempted Section 487 claim).

4. If the Court does have subject matter jurisdiction over this action, do the issues identified above nevertheless preclude plaintiffs here from stating a claim upon which relief can be granted? See Thomas v. Scully, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (stating that district courts have "the power to dismiss a complaint sua sponte for failure to state a claim on which relief can be granted" as long as the plaintiff has "an opportunity to be heard").

4

The parties' briefs shall be submitted to the Court **no later than seven (7) days** from the date of this Order.

**SO ORDERED.**

Dated:     1 July 2024
           New York, New York

Victor Marrero
U.S.D.J.

5