USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/17/24

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SGM HOLDINGS LLC, et al.,

                Plaintiffs,

      - against -

A. JAMES ANDREWS, et al.,

                Defendants.

**15 Civ. 8142 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiffs brought this lawsuit under New York Judiciary Law § 487 ("Section 487"), alleging attorney misconduct in a prior federal litigation involving the parties to this action. This case was reassigned to this Court on April 15, 2024. A trial is scheduled to begin July 29, 2024. As that date approached and as the Court delved closely into the issues in dispute, the Court undertook an inquiry into whether it has subject matter jurisdiction over the action. Accordingly, because the issue of subject matter jurisdiction can be raised by the Court and at any time during the pendency of litigation, the Court on July 1 (see Dkt. No. 260) ordered the parties to submit briefing on the issue, specifically directing the parties to address four questions relating to: subject matter jurisdiction, federal preemption, the scope of Section 487, and whether the Court, even if it has jurisdiction, should dismiss the suit for failure to state a

1

claim. See Thomas v. Scully, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (stating that district courts have "the power to dismiss a complaint sua sponte for failure to state a claim on which relief can be granted" as long as the plaintiff has "an opportunity to be heard").

The parties filed their briefs July 8, 2024. Additionally, the Court heard oral argument from the parties with respect to these issues during a pretrial conference held July 12, 2024.

After careful consideration of the parties' written submissions and oral argument, the Court concludes that this case shall be dismissed on three independent grounds. The Court holds that: (1) it lacks subject matter jurisdiction over this action, in part because Section 487 is preempted by federal law; (2) even if the preemption issue is not jurisdictional, it bars the Section 487 suit on the merits, see Scully, 943 F.2d at 260; (3) even if Section 487 is not preempted by federal law, it does not apply to the defendants in this case, who are not admitted to the New York Bar and are not alleged to have practiced before any New York state court in connection with the instant litigation, see id.

A Decision and Order explaining the Court's analysis, reasoning, and conclusions supporting these holdings will issue in due course. Final judgment will not enter until the

Court issues the reasons for its decision. In the meantime,

the trial scheduled for July 29 is hereby adjourned sine die,

and any other deadlines in this case are hereby suspended.

**SO ORDERED.**

Dated:    17 July 2024
          New York, New York

Victor Marrero
U.S.D.J.

3